IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AIR VENT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 02: 10-cv-01699 |
| | ) | |
| v. | ) | |
| | ) | |
| OWENS CORNING CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6), with brief in support (Document Nos. 22 and 23), filed by Defendant, Owens Corning Corporation, the OPPOSITION BRIEF filed by Plaintiff, Air Vent, Inc., (Document No. 34), and the REPLY BRIEF filed by Defendant, Owens Corning Corporation (Document No. 39).

**Factual and Procedural Background**

The facts set forth are based on the allegations of the Complaint. According to the Complaint, Air Vent is the owner by assignment of United States Patent Nos. 6,299,528 ("the '528 Patent"), entitled "End-Ventilating Adjustable Pitch Arcuate Roof Ventilator"; 6,482,084 ("the '084 Patent"), entitled "End-Ventilating Adjustable Pitch Arcuate Roof Ventilator"; and 6,793,574 ("the '574 Patent), entitled "Vent With Presecured Mechanical Fasteners" (collectively referred to as the "Patents-in-Suit.")

Air Vent manufactures and sells roof ridge ventilators ("ridge vents") under the trademark "SingleVent® II," which is covered by and marked with the numbers of the '528

Patent and the '084 Patent. The Complaint does not aver that the ShingleVent II is either covered or marked with the '574 Patent.

According to the Complaint, from 2000 through 2008, Air Vent manufactured for and sold to Owens Corning a four foot version of a ridge vent product under the name "VentSure Rigid Strip" that was substantially the same structurally and functionally as the ShingleVent II. In late January 2009, Owens Corning notified Plaintiff that it was terminating its contractual relationship with Air Vent for the purchase of ridge vent products that Air Vent had been selling to Owens Corning.

Air Vent alleges that it first "became concerned" with Owens Corning's new VentSure ridge vent product in June 2010. According to the Complaint, the VentSure ridge vent product incorporates the same ventilation technology disclosed and claimed in the Patents-in-Suit. Air Vent alleges that Owens Corning "by reason of its prior knowledge of the construction and proprietary nature of the ShingleVent II product, and the substantially identical ridge vent product that Plaintiff manufactured for it under its prior agreement, knew or had reason to believe that its VentSure ridge vent product infringed Plaintiff's '528 and '084 Patents. By reason of Defendant's business relationship with Plaintiff, Defendant knew or had reason to know of Plaintiff's '574 Patent and that its VentSure product would contribute to or cause inducement of infringement of that patent when sold with nails for presecurement therein. Despite this knowledge, Defendant willfully and in bad faith offers to sell, has sold and continues to sell the infringing VentSure ridge vent product." Complaint at ¶ 12.

Owens Corning moves to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(6) on the grounds that the Complaint does not contain factual averments sufficient to state plausible causes of action under inducement and contributory infringement of the '528, '084, and '574 Patents or

direct infringement by Owens Corning of the '574 Patent. The issues have been fully briefed and the matter is ripe for disposition.

**Standard of Review**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiently of the complaint filed by Plaintiff. The United States Supreme Court has held that "[a] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (alterations in original).

The Court must accept as true all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. However, as the Supreme Court made clear in *Twombly*, the "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The United States Supreme Court has subsequently broadened the scope of this requirement, stating that only a complaint that states a ***plausible*** claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1950 (2009) (emphasis added).

Thus, after *Iqbal*, a district court must conduct a two-part analysis when presented with a motion to dismiss for failure to state a claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the Court must separate the factual and legal elements of the claim. *Id.* Although the Court "must accept all of the complaint's well-pleaded facts as true, [it] may disregard any legal conclusions." *Id*. at 210-11. Second, the Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Id*. at 211 (citing *Iqbal*

3

129 S. Ct. at 1949). The determination for "plausibility" will be "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id*. at 211 (quoting *Iqbal* 129 S. Ct. at 1950).

As a result, "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." *Id.* at 211. That is, "all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible. This then 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id*. at 210 (quoting *Iqbal*, 129 S. Ct. at 1948).

However, nothing in *Twombly* or *Iqbal* changed the other pleading standards for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and the requirements of Fed. R. Civ. P. 8 must still be met. *See Phillips v. Co. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal citations omitted). Fed. R. Civ. P. 8 requires a showing, rather than a blanket assertion, of entitlement to relief, and "contemplates the statement of circumstances, occurrences, and events in support of the claim presented and does not authorize a pleader's bare averment that he wants relief and is entitled to it." *Twombly*, 550 U.S. at 555 n.3 (internal citations and quotations omitted). Additionally, the United States Supreme Court did not abolish the Fed. R. Civ. P. 12(b)(6) requirement that "the facts must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on those merits." *Phillips,* 515 F.3d at 231(citing *Twombly*, 550 U.S. at 553).

The Appendix to the Federal Rules of Civil Procedure contains Form 18, which provides a template for a complaint of patent infringement. Form 18 consists of only four paragraphs, which set forth: (1) a statement of jurisdiction; (2) an identification of the patent at issue and an

4

assertion of ownership; (3) an assertion and description of how Defendant is infringing the patent; and (4) an assertion that Plaintiff has complied with the statutory notice requirements and has given Defendant written notice of the infringement. Form 18 also contains an abbreviated demand for injunctive relief and damages. In *McZeal v. Sprint Nextel Corp.,* 501 F.3d 1354, 1357 (Fed. Cir. 2007) (*citing Twombly*, 550 U.S. at 565 n. 10), the Federal Circuit Court of Appeals held that Form 18 complies with the *Twombly* pleading standard for a direct infringement claim. *Accord Xpoint Technologies, Inc. v. Microsoft Corp.,* 730 F. Supp.2d 349, 352 (D. Del. 2010). *McZeal* was decided prior to *Iqbal*, and involved a *pro se* plaintiff. Moreover, Form 18 has not been updated or revised post-*Iqbal*. Nevertheless, the Court is mindful that to state a claim, "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *Id.*

**Discussion**

There are three counts in the Complaint, one for each of the alleged infringed patents. Each count refers to three different legal theories under which the VentSure product allegedly infringes the Patents-in-Suit: (1) direct infringement; (2) induced infringement; and (3) contributory infringement. Each of the three theories of infringement will be addressed seriatim.

A.   <u>Direct Infringement</u>[1]

Count 3 of the Complaint alleges that the activities of Owens Corning constitute direct "infringement . . . of the '574 Patent." Section 35, United States Code, § 271(a), provides that

---

[1] The Court notes that Owens Corning has moved only to dismiss Air Vent's claims for direct infringement of the '574 Patent. It did not move to dismiss Air Vent's claims for direct infringement of the '528 and '084 Patents.

"whoever without authority makes, uses, offers to sell, or sells any patented invention within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." Owens Corning contends that the Complaint fails to state any facts regarding direct infringement of the '574 patent by Owens Corning and therefore must be dismissed.

In *Xpoint Technologies*, the district court relied on Form 18 to set forth the elements of a direct infringement claim as follows: "(1) an allegation of jurisdiction; (2) a statement that plaintiff owns the patent; (3) a statement that defendant has been infringing the patent by 'making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages." *Id. Accord McZeal*, 501 F.3d at 1357.

All of the claims of the '574 Patent require: "fasteners extending into at least some of the said passageways for retention therein prior to attachment of said vent to said structure." Ex. B., U.S. Patent No. 6,793,574. The Court notes that the Complaint does not contain any factual averments that Owens Corning itself is directly infringing the '574 Patent by making, using, offering to sell, or selling a device that embodies the '574 patent. Rather, the Complaint only states that Owens Corning's VentSure Product "is sold together with special nails." The Complaint does not allege that the accused VentSure Product is sold or shipped with the nails "presecured" in the product as required by each of the claims of the '574 Patent.

For these reasons, the Court finds that the Complaint does not state a plausible claim for direct infringement of the '574 Patent against Owens Corning and the claim will be dismissed.

B.  Induced Infringement

Air Vent also asserts that the '528, '084, and '574 Patents are infringed under the theory of induced infringement. Title 35, United States Code, § 271(b), provides as follows: "Whoever actively induces infringement of a patent shall be liable as an infringer." There are four necessary elements of a *prima facie* case of an inducement to infringe claim: (1) a direct infringement by the induced party; (2) the inducer had knowledge of the asserted patents; (3) the inducer "possessed specific intent [and] not merely . . . knowledge of the acts alleged" to induce; and (4) active inducement of the direct infringement." *Medtronic Vascular, Inc. v. Boston Scientific Corp.*, 348 F. Supp.2d 316, 323 (D. Del. 2004) (citing *Ferguson Beauregard/Logic Controls v. Mega Sys.*, 350 F.3d 1327, 1342 (Fed. Cir. 2003)).

Claims for induced infringement cannot exist in the absence of direct infringement. *Mallinckrodt, Inc. v. E-Z-Em Inc.,* 670 F.Supp.2d 349, 353 (D. Del. 2009) (*citing Dynacore Holdings Corp. v. U.S. Philips Corp.,* 363 F.3d 1263, 1272 (Fed. Cir. 2004)). Moreover, the "notice" requirement for an inducement claim is more rigorous as Air Vent must allege not only that Owens Corning knowingly induced infringement, but that Owens Corning had a specific intent to encourage that infringement. *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 697-98 (Fed. Cir. 2008).

As to the first element – direct infringement by an induced third party – the Complaint fails to identify any third party infringement of the '528 or '084 Patents as a result of Owens Corning's activities. With respect to the '574 Patent, the Complaint includes a single, vague, conclusory averment that infringement <u>would</u> occur by purchasers and users of Owens Corning's VentSure Product. Complaint, at ¶ 11. However, the Complaint does not aver any facts as to why or how such purchasers or users would be direct infringers. As noted *supra*, claims for

7

inducing infringement cannot exist in the absence of direct infringement by a third party. *Mallickrodt, Inc.*, 670 F. Supp.2d 353.

As to the second element – knowledge of the asserted patents - the Complaint arguably alleges knowledge of the asserted patents by Owens Corning, but only as to the '528 and '084 Patents. As to knowledge of the '574 Patent, Air Vent avers that "by reason of Defendant's business relationship with Plaintiff, Defendant knew or had reason to know of" the '574 Patent. However, the Complaint does not aver that any of Plaintiff's products were marked with the '574 Patent or that it provided Owens Corning with notice of the '574 Patent or the alleged infringement of this patent.

As to the third element – specific intent - the Complaint does not contain any averments that Owens Corning acted with the specific intent to induce or encourage any third party to infringe the '528, '084, and '574 Patents. The Federal Circuit Court of Appeals has instructed that the plaintiff in an inducement claim must allege not only that the defendant knowingly induced infringement, but that the defendant had a **specific intent** to encourage that infringement. *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 697-98 (Fed. Cir. 2008). The Complaint does not contain any averments that Owens Corning either possessed the specific intent to infringe the '528, '084, and '574 Patents or that Owens Corning acted with the specific intent to induce or encourage any third party to infringe the '528, '084, and '574 Patents.

Finally, as to the fourth element – "active inducement" - the Complaint contains two conclusory averments regarding inducing infringement of the '574 Patent only: (i) that Owens Corning's VentSure Product includes passageways for nails and that the product is sold with nails, Complaint at ¶ 11; and (ii) that by reason of the parties' prior business relationship, Owens Corning knew or had reason to know of the '574 Patent and that the VentSure Product would

contribute to or cause inducement of infringement, Complaint at ¶ 12. The Complaint contains no averments regarding active inducement of the '528 or '084 Patents.

For all these reasons, the Court finds and rules that the Complaint does not contain the four prerequisite elements necessary to maintain a claim for inducing infringement and, therefore, fails to state plausible "induced infringement" claims of the '528, '084, and '574 Patents.

C. <u>Contributory Infringement</u>

Air Vent also asserts that the '528, '084, and '574 Patents are infringed under the theory of contributory infringement. Title 35, United States Code, § 271(c), defines "contributory infringement" narrowly, to refer to the sale or importation of a component to be made or adapted for use in an infringement of a patent. *See Oxford Gene Tech. Ltd. V. Mergen Ltd.*, 345 F. Supp.2d 444, 465 (D. Del. 2004). There are four elements to a contributory infringement claim: "(1) an offer to sell, sale, or import; (2) a component or material for use in a patented process constituting a material part of the invention; (3) knowledge by the defendant that the component is especially made or especially adapted for use in an infringement of such patent; and (4) the component is not a staple or article suitable for substantial noninfringing use." *Id.* at 465.

After a careful review of the Complaint in this matter, the Court finds that it does not state the elements of a *prima facie* case of "contributory infringement," as defined in Section 271(c), nor does it allege facts that would support such a claim. The Complaint does not aver that the VentSure Product constitutes "a material part" of the inventions claimed in the '528, '084, and '574 Patents or that the VentSure Product is "not a staple or article suitable for substantial non-infringing use." The Complaint also does not contain any factual averments with

regard to the knowledge of Owens Corning that the VentSure Product was "especially made or especially adapted for use in an infringement" of the '528 and '084 Patents. With respect to the '574 Patent, the Complaint includes a single conclusory averment that Owens Corning "knew or had reason to know" that the VentSure product would cause contributory infringement of the '574 Patent because of the prior business relationship between the parties. However, the Complaint does not set forth any factual averments which describe why or how such a relationship would have resulted in such specific knowledge by Owens Corning.

Furthermore, like a claim for inducement of infringement, claims for contributory infringement cannot exist in the absence of direct infringement by a third party. *Mallinckrodt, Inc.,* 670 F. Supp.2d 353. The Complaint simply fails to identify any third party infringement of the '528 and '084 Patents as a result of the activities of Owens Corning. Plaintiff's averment that contributory infringement of the '574 Patent **would** occur by purchasers and users of Owens Corning's VentSure Product are not sufficient to state a plausible claim. The Court finds that there are simply no factual averments to explain or support why such purchasers or users would be direct infringers.

Similar to the deficiencies with the claims of induced infringement, the Court finds and rules that the Complaint fails to state plausible claims for contributory infringement of the '528, '084, and '574 Patents and these claims must be dismissed.

**Conclusion**

For all the hereinabove reasons, the Defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) will be granted.

Leave to Amend Complaint

If a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004); *Accord Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir. 2002). A district court must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend. *Id*. The district court may dismiss the action if the plaintiff does not file a timely amended complaint, or if the plaintiff files a notice of his intent to stand on the complaint as filed.

The Court will grant Plaintiff leave to amend the Complaint. On or before **July 14, 2011**, Plaintiff may either file an Amended Complaint or file a notice of its intent to stand on the Complaint as filed.

An appropriate Order follows.


McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AIR VENT, INC., ) | |
| ) | |
| Plaintiff, ) | 02: 10-cv-01699 |
| ) | |
| v. ) | |
| ) | |
| OWENS CORNING CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## ORDER OF COURT

AND NOW, this 30th day of June, 2011, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that the Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) is **GRANTED**.

On or before **July 14, 2011**, Plaintiff may either file an Amended Complaint or file a notice of its intent to stand on the Complaint as filed.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc:    Dariush Keyhani , Esquire
       Lippes Mathias Wexler Friedman LLP
       Email: dkeyhani@meredithkeyhani.com

       Katherine E. Koop, Esquire
       Tucker Arensberg
       Email: KKoop@tuckerlaw.com

       Sidney R. Bresnick, Esquire
       Meredith & Keyhani, PLLC
       Email: sbresnick@meredithkeyhani.com

Eric G. Soller, Esquire
Pietragallo, Gordon, Alfano, Bosick & Raspanit, LLP
Email: egs@pbandg.com

Georgia E. Yanchar, Esquire
Calfee, Halter & Griswold LLP
Email: gyanchar@calfee.com

Jennifer B. Wick, Esquire
Calfee, Halter & Griswold, LLP
Email: jwick@calfee.com

Nenad Pejic, Esquire
Calfee, Halter & Griswold
Email: npejic@calfee.com