IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AIR VENT, INC., | ) |
| Plaintiff, | ) |
| v. | ) 02: 10-cv-01699 |
| OWENS CORNING CORPORATION, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is DEFENDANT'S MOTION TO DISMISS COUNT THREE OF PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) (Document No. 45). The motion has been thoroughly briefed by the parties (Document Nos. 46, 53, 57, 60 and 63) and is ripe for disposition.

Plaintiff Air Vent, Inc. ("Air Vent") has alleged a variety of patent infringement claims against Owens Corning Corporation ("Owens Corning"). In a nutshell, Count One and Two of the Amended Complaint allege that Owens Corning's VentSure 4-Foot Strip Heat and Moisture Ridge Vent product directly infringes two of Air Vent's patents: United States Patent Nos. 6,299,528 ("the '528 Patent"), entitled "End-Ventilating Adjustable Pitch Arcuate Roof Ventilator"; and 6,482,084 ("the '084 Patent"), entitled "End-Ventilating Adjustable Pitch Arcuate Roof Ventilator."

Count Three of the Amended Complaint alleges that the Owens Corning product also infringes under a single theory of infringement - inducement of infringement - a third patent owned by Air Vent, United States Patent No. 6,793,574 ("the '574 Patent), entitled "Vent With Presecured Mechanical Fasteners." Specifically, Air Vent avers that Owens Corning encourages

1

and induces purchasers and/or users of the accused VentSure product to install the product in an allegedly infringing manner through its internet advertising and installation instructions - namely that "[t]he VentSure Product also incorporates tubular passageways for presecuring nails or other fasteners . . . and is sold together with special nails provided with the product that are designed to friction fit in the tubular passageways to presecure the nails in the VentSure product prior to installation on a roof." Amended Complaint, Paragraph 11.

Defendant moves for dismissal of only Count Three of the Amended Complaint.

Standard of Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiently of the complaint filed by Plaintiff. The United States Supreme Court has held that "[a] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (207) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (alterations in original).

The Court must accept as true all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. However, as the Supreme Court made clear in *Twombly*, the "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The Supreme Court has subsequently broadened the scope of this requirement, stating that only a complaint that states a ***plausible*** claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1950 (2009) (emphasis added).

Thus, after *Iqbal*, a district court must conduct a two-part analysis when presented with a motion to dismiss for failure to state a claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210

(3d Cir. 2009). First, the Court must separate the factual and legal elements of the claim. *Id.* Although the Court "must accept all of the complaint's well-pleaded facts as true, [it] may disregard any legal conclusions." *Id*. at 210-211. Second, the Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Id*. at 211 (citing *Iqbal* 129 S. Ct. at 1949). The determination for "plausibility" will be "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id*. at 211 (quoting *Iqbal* 129 S. Ct. at 1950).

As a result, "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." *Id.* at 211. That is, "all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible. This then 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id*. at 210 (quoting *Iqbal*, 129 S. Ct. at 1948).

However, nothing in *Twombly* or *Iqbal* changed the other pleading standards for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and the requirements of Fed. R. Civ. P. 8 must still be met. *See Phillips v. Co. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal citations omitted). Fed. R. Civ. P. 8 requires a showing, rather than a blanket assertion, of entitlement to relief, and "contemplates the statement of circumstances, occurrences, and events in support of the claim presented and does not authorize a pleader's bare averment that he wants relief and is entitled to it." *Twombly*, 550 U.S. at 555 n.3 (internal citations and quotations omitted). Additionally, the Supreme Court did not abolish the Fed. R. Civ. P. 12(b)(6) requirement that

"the facts must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on those merits." *Phillips,* 515 F.3d at 231(citing *Twombly*, 550 U.S. at 553). The "plausibility" standard does not become a "probability" standard in complex cases. *West Penn Allegheny Health System, Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010).

Legal Analysis

Defendant argues that Count Three of the Amended Complaint should be dismissed as the Amended Complaint does not contain sufficient factual averments for a plausible claim as to specific intent or active inducement. However, the Court finds that Paragraphs 11 and 12 of the Amended Complaint contain sufficient factual averments for a plausible claim as to specific intent or active inducement. For example, Paragraph 11 states that the VentSure Product incorporates tubular passageways for presecuring nails or other fasteners as described and claimed in the '574 Patent and is sold together with special nails that are designed to friction fit in the tubular passageways to presecure the nails in the VentSure Product prior to its installation on a roof. Paragraph 12 avers, *inter alia*, that Owens Corning intends that the purchasers and/or users of its VentSure Product first presecure the nails sold with the product and that Owens Corning encourages and induces the purchasers and/or users of the VentSure Product to presecure the nails while knowing that their actions constitute infringement of the '574 Patent.

Therefore, the Court concludes that Air Vent has stated a claim for relief for inducement of infringement which survives a motion to dismiss. The Court, of course, makes no judgment as to whether Air Vent will succeed on the merits. That awaits another day.

Accordingly, the Motion to Dismiss Count Three of the Amended Complaint will be denied. Defendant shall file an Answer to Count Three of the Amended Complaint on or before November 14, 2011.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AIR VENT, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   02: 10-cv-01699 |
| | ) |
| OWENS CORNING CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## ORDER OF COURT

AND NOW, this 28th day of October, 2011, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) (Document No. 37) is **DENIED.**

Defendant shall file an Answer to Count 3 of the Amended Complaint on or before **November 14, 2011.**

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: Dariush Keyhani , Esquire
Lippes Mathias Wexler Friedman LLP
Email: dkeyhani@meredithkeyhani.com

Katherine E. Koop, Esquire
Tucker Arensberg
Email: KKoop@tuckerlaw.com

Sidney R. Bresnick, Esquire
Meredith & Keyhani, PLLC
Email: sbresnick@meredithkeyhani.com

Eric G. Soller, Esquire
Pietragallo, Gordon, Alfano, Bosick & Raspanit, LLP
Email: egs@pbandg.com

Georgia E. Yanchar, Esquire
Calfee, Halter & Griswold LLP
Email: gyanchar@calfee.com

Jennifer B. Wick, Esquire
Calfee, Halter & Griswold, LLP
Email: jwick@calfee.com

Nenad Pejic, Esquire
Calfee, Halter & Griswold
Email: npejic@calfee.com