IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AIR VENT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 02: 10-cv-01699 |
| | ) | |
| v. | ) | |
| | ) | |
| OWENS CORNING CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the MOTION FOR SUMMARY JUDGMENT ON NON-INFRINGEMENT OF U.S. PATENT NOS. 6,299,528 AND 6,482,084 filed by Defendant, Owens Corning Corporation ("Owens Corning") (Document No. 64). The motion has been thoroughly brief by both Owens Corning and Plaintiff, Air Vent, Inc. (Document Nos. 65, 72, 80, 83, 87, and 92). The parties have fully stated their respective positions regarding the Concise Statement of Material Facts and have submitted numerous exhibits (Document Nos. 66, 67, 73, 74, and 75). The motion is ripe for disposition.

**Factual and Procedural Background**

Air Vent is the owner by assignment of United States Patent Nos. 6,299,528 ("the '528 Patent"), entitled "End-Ventilating Adjustable Pitch Arcuate Roof Ventilator"; 6,482,084 ("the '084 Patent"), entitled "End-Ventilating Adjustable Pitch Arcuate Roof Ventilator"; and 6,793,574 ("the '574 Patent), entitled "Vent With Presecured Mechanical Fasteners" (collectively referred to as the "Patents-in-Suit.")

Air Vent manufactures and sells roof ridge ventilators ("ridge vents") under the trademark "SingleVent® II," which is covered by and marked with the numbers of the '528 Patent and the '084 Patent.

According to the Amended Complaint, from 2000 through 2008, Air Vent manufactured for and sold to Owens Corning a four foot version of a ridge vent product under the name "VentSure Rigid Strip" that was substantially the same structurally and functionally as the SingleVent® II. In late January 2009, Owens Corning notified Plaintiff that it was terminating its contractual relationship with Air Vent for the purchase of ridge vent products that Air Vent had been selling to Owens Corning. Owens Corning received its last units of Air Vent's ridge vent product in March 2009. The Court is not familiar with the specific facts that led to the termination of the contractual relationship and Air Vent does not assert any impropriety with respect to the termination of that agreement.

Owens Corning alleges that it developed a new and improved ridge vent product - the "VentSure 4 Foot Strip Heat and Moisture Ridge Vent" (hereinafter referred to as the "VentSure Product"). Air Vent alleges that it first became aware of the Owens Corning's new VentSure Product in June 2010. According to the Amended Complaint, the VentSure Product incorporates the same ventilation technology disclosed and claimed in the Patents-in-Suit.

Owens Corning moves for summary judgment on Air Vent's claims of infringement of claims 1 and 2 of the '528 Patent and claims 1, 2, 5, and 6 of the '084 Patent (hereinafter "the Asserted Claims"). Specifically, Owens Corning argues that each of the Asserted Claims contain limitations directed to a "top wall," "side walls including a plurality of apertures therethrough," and "upturned edge members" and that these claim limitations are "completely

2

absent" from the accused VentSure Product. Owens Corning contends that the Court can decide as a matter of law that the accused VentSure Product does not directly infringe either the '528 and/or the '084 Patents. Air Vent responds that summary judgment is not appropriate as infringement is a question of fact.

## Standard of Review

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must construe all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). But, summary judgment should be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 ( 986). "The mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient [to overcome a motion for summary judgment]; there must be evidence upon which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## Discussion

Infringement generally exists if any one of a patent's claims covers the alleged infringer's product or process. *Markman v. Westview Instruments, Inc.,* 517 U.S. 370, 374 (1966). *See also SmithKline Diagnostics v. Helena Labs. Corp.*, 859 F.2d 878, 889 (Fed. Cir. 1988). A determination of infringement, or non-infringement, is a two-step process: (1) it is necessary, as a matter of law, to determine the scope and meaning of the patent claims asserted and (2) after

the words of a claim are interpreted, it is necessary to determine, as a matter of fact, if the claim covers the alleged infringer's product or process. *Apex Inc. v. Raritan Computer, Inc.*, 325 F.3d 1364, 1370 (Fed. Cir. 2003). For infringement to exist, all of the claim's elements must be found, either literally or by a substantial equivalent, in the accused product or process. *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1273 (Fed. Cir. 2004). If all of the claim's elements are found literally, then there usually is literal infringement. *See generally PC Connector Solutions LLC v. SmartDisk Corp.*, 406 F.3d 1359, 1364 (Fed. Cir. 2005). If one or more of the claim's elements are found equivalently and the rest (if any) are found literally, then there usually is infringement under the doctrine of equivalents. *See generally Ethicon Endo-Surgery Inc. v. United States Surgical Corp.,* 149 F.3d 1309, 1315-20 (Fed. Cir. 1998). "Summary judgment on the issue of [direct] infringement is proper when no reasonable jury could find that every limitation recited in a properly construed claim either is or is not found in the accused device either literally or under the doctrine of equivalents." *PC Connector Solutions LLC,* 406 F.3d at 1364.

In cases in which the parties dispute the meaning of a term, claim construction is necessary to determine the meaning of the disputed term. *Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 595 F.3d 1340, 1351 (Fed. Cir. 2010) ("In sum, claim construction involves many technical, scientific, and timing issues that require full examination of the evidence and factual resolution of any disputes before setting the meaning of the disputed terms.")

Both the SingleVent® II product and the accused VentSure Product are a molded one-piece flexible plastic device having a predetermined length and width and top and bottom surfaces. The predetermined length extends from end to end and the predetermined width

extends from the distal end of one side to the distal end of the opposite side. Both are intended to be installed on steep sloped roofs and are able to be bent to fit the exact slope of the roof.

According to Owens Corning, its non-infringement arguments "are based on a straight forward comparison of the claim language and the structure identified in the specifications of the '528 and '084 Patents to the structure identified by Air Vent in its claim charts and annotated photographs of the accused VentSure Product." Def's Memo. at 5, n. 4. Each of the Asserted Claims contain limitations directed to a "top wall," "side walls including a plurality of apertures," and "upturned edge members":

- "an elongate top wall having a predetermined length and width and top and bottom surfaces;"

- "a pair of outer side walls . . . depending from a respective bottom surface of said top wall . . . each of said side walls including a plurality of apertures extending therethrough;" and

- "a pair of upturned edge members . . . extending from a respective distal end of said outer wall opposite said top wall . . . said upturned edge members extending toward said top wall . . ."

Ex. A, '528 Patent, claims 1 and 2; Ex. B., '084 Patent, claims 1, 2, 5 and 6.

According to Owens Corning, the VentSure Product does not infringe either the '528 Patent or the '084 Patent because it lacks the following four underlined claim elements: <u>side walls including a plurality of apertures</u>; upturned edge members "extending from a respective <u>distal end</u> of said outside wall <u>opposite</u> said top wall;" and upturned edge members "<u>extending toward said top wall</u>."

The parties dispute the definition of the terms "top wall," "side walls" and "upturned edge members." As the Initial Patent Scheduling Order indicates, the Court and Special Master will conduct a hearing on the issue of Claim Construction in June 2012 on a date to be

5

determined.  *See* Initial Patent Scheduling Order, Document 95 at  ¶ 11.  Accordingly, claim construction is necessary, and summary judgment at this early stage is not proper.

Therefore, Defendant's Motion for Summary Judgment On Non-Infringement Of  U.S. Patent  Nos. 6,299528 And 6,482,084 will be denied without prejudice to Defendant refiling same after the completion of the claims construction hearing and ruling.

**Conclusion**

For the hereinabove reasons, the claims at issue in this case present a number of material factual issues that the Court cannot resolve at this stage.  Claim construction is therefore appropriate, and Defendant's motion for summary judgment will be denied without prejudice.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AIR VENT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 02: 10-cv-01699 |
| | ) | |
| v. | ) | |
| | ) | |
| OWENS CORNING CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF COURT

**AND NOW**, this 13th day of February, 2012, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that the Defendant's Motion For Summary Judgment on Non-Infringement of U.S. Patent Nos. 6,299,528 and 6,484,084 is **DENIED without prejudice.**

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc:     Dariush Keyhani , Esquire
Lippes Mathias Wexler Friedman LLP
Email: dkeyhani@meredithkeyhani.com

Katherine E. Koop, Esquire
Tucker Arensberg
Email: KKoop@tuckerlaw.com

Sidney R. Bresnick, Esquire
Meredith & Keyhani, PLLC
Email: sbresnick@meredithkeyhani.com

Eric G. Soller, Esquire
Pietragallo, Gordon, Alfano, Bosick & Raspanit, LLP
Email: egs@pbandg.com

Georgia E. Yanchar, Esquire
Calfee, Halter & Griswold LLP
Email: gyanchar@calfee.com

Jennifer B. Wick, Esquire
Calfee, Halter & Griswold, LLP
Email: jwick@calfee.com

Nenad Pejic, Esquire
Calfee, Halter & Griswold
Email: npejic@calfee.com