**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AIR VENT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 02: 10-cv-01699 |
| | ) | |
| v. | ) | |
| | ) | |
| OWENS CORNING CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are the following:

\* PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, with brief in support (Document Nos. 43 and 44), DEFENDANT'S MEMORANDUM IN OPPOSITION TO AIR VENT'S RENEWED MOTION FOR PRELIMINARY INJUNCTION (Document No. 49); and PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR A PRELIMINARY INJUNCTION (Document No. 54);

\* DEFENDANT'S MOTION TO STAY PENDING *INTER PARTES* REEXAMINATION OF THE PATENTS IN SUIT, with brief in support (Document Nos. 105 and 106), PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR STAY PENDING INTER PARTES REEXAMINATION OF THE PATENTS IN SUIT (Sealed Document Nos. 112 and 114), and DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO STAY PENDING INTER PARTES REEXAMINATION OF THE PATENTS-IN-SUIT (Sealed Document No. 117); and

\* DEFENDANT'S MOTION FOR A PROTECTIVE ORDER STAYING DISCOVERY PENDING THE COURT'S RULING ON DEFENDANT'S MOTION TO STAY (Document

No. 107); PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE

ORDER (Document No. 109); and DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION

FOR A PROTECTIVE ORDER STAYING DISCOVERY PENDING THE COURT'S RULING

ON DEFENDANT'S MOTION TO STAY (Document No. 110).

      The parties have fully stated their respective positions and have submitted numerous

exhibits.  The motions are ripe for disposition.  Based on the reasons that follow, Plaintiff's

motion for a preliminary injunction will be held in abeyance pending the U.S. Patent and

Trademark Office's decision on whether to grant  the requests for *inter partes* reexamination,[1]

Owens Corning's motion to stay the matter pending the decision of the PTO to reexamine the

patents-in-suit will be granted,[2] and Owens Corning's Motion for Protective Order will be denied

as moot.

---

[1] The Court recognizes that such could be construed as a denial of Air Vent's preliminary
injunction application.  *See, e.g., Proctor & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d
842, 846 (Fed. Cir. 2008) (concluding that stay order "can be deemed to have denied P & G's
motion for a preliminary injunction").  Although the Court declines to render a final decision on
Air Vent's preliminary injunction application at this time, to the extent this decision is
nevertheless construed as a denial of such application, the Court notes that it would be improper
to grant a preliminary injunction at this stage given that a substantial issue of patent validity has
been raised by Owens Corning.  In other words, Air Vent would be unable to establish a
reasonable likelihood of success on the merits at this time.  *See, e.g., Amazon.com, Inc. v.
BarnesandNoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001) ("[A] movant cannot be
granted a preliminary injunction unless it establishes both of the first two factors, i.e., likelihood
of success on the merits and irreparable harm.").

[2] Owens Corning requests that (i) the Court immediately stay this case pending the PTO's
decision on whether to grant the requests for *inter partes* reexaminations and (ii) to continue to
stay this litigation until any such reexamination proceeding has been completed.  This
Memorandum Opinion and Order grants the first request and will stay the matter pending the
PTO's decision.  The Court will reexamine the issue to continue the stay until such time as the
PTO has made its decision to either grant or deny the requests for *inter partes* reexaminations.

### Factual and Procedural Background

On July 14, 2011, Air Vent filed an Amended Complaint for patent infringement against Owens Corning which sets forth two counts for direct infringement of U.S. Patent No. 6,299,528 ("the '528 Patent") and U.S. Patent No. 6,482,084 ("the '084 Patent"), and a third count for inducement to infringe U.S. Patent No. 6,793,574 ("the '574 Patent) (hereinafter referred to as the "Patents-in-Suit.")  Air Vent also filed a Motion for Preliminary Injunction.

On March 29, 2012, Owens Corning filed a request for *inter partes* reexamination of the '574 Patent with the United States Patent and Trademark Office ("PTO").  On or about March 30, 2012, Owens Corning filed two additional requests for *inter partes* reexamination of the '528 and '084 Patents.  The three requests seek *inter partes* reexamination of each and every claim of all the Patents-in-Suit.  The PTO must decide whether to grant Owens Corning's reexamination requests within three months of the March 29 and March 30 filing dates.[3]  35 U.S.C.§ 312(a).

Contemporaneously with the filing of the requests for *inter partes* reexamination, Owens Corning filed in this Court the instant two motions.

### Discussion

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988).  The discretion of whether or not to stay a patent case during reexamination is discretionary.  *See Viskase Corp. v. Am Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001).  "[T]here is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *ACSII*

---

[3] Owens Corning has not informed the Court whether the PTO has issued a notice of filing date, which would set forth the official date on which the applications were received by the PTO.

*Corp. v. STD Entmt't USA,* 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).  However, "[a] court is under no obligation to delay its own proceedings by yielding to ongoing PTO patent reexaminations, regardless of their relevancy to infringement claims which the court must analyze*." NTP, Inc. v. Research In Motion, Ltd.*, 397 F. Supp. 2d 785, 787 (E.D. Va. 2005) (*citing Viskase Corp.*, 261 F.3d at 1328)).  Nevertheless, a court may decide to grant a motion to stay "in order to avoid inconsistent results, narrow the issues, obtain guidance from the PTO, or simply to avoid the needless waste of judicial resources, especially if the evidence suggests that the patents-in-suit will not survive reexamination." *MercExchange, L.L.C. v. eBay, Inc*., 500 F. Supp.2d 556, 563 (E. D. Va. 2007).

Courts consider three (3) main factors in determining whether to stay a case pending reexamination:  (i)  whether discovery is complete and whether a trial date has been set; (ii) whether a stay will simplify the issues in question and trial of the case; and (iii) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party.  *Telemac Corp. v. Teledigital, Inc*., 450 F. Supp.2d 1107, 1111 (N.D. Cal. 2006).  Having considered the arguments made in support of and in opposition to Owens Corning's request for a stay, the Court finds for the following reasons a stay of all claims pending the PTO's decision on whether to grant the requests for *inter partes* reexamination is appropriate under the circumstances.

1.    Effect of the Stay on Discovery and the Trial Schedule

In February 2012, Air Vent served its first and second set of discovery requests on Owens Corning.  Many of the issues raised in Air Vent's first set of discovery requests concern the prior art which forms the basis for the requests for reexamination of the Patents-in-Suit. Similarly, many of the issues raised in Air Vent's second set of discovery requests are directed to prior art references which is the subject of the request for  reexamination of the '574 Patent.

Owens Corning has not responded to the discovery requests nor has it served affirmative discovery on Air Vent or any third party.   No trial date has been set.  *See Target Therapeutics, Inc. v. SciMed Life Sys., Inc.,* 33 U.S.P.Q.2d 2022, 2023 (N.D. Cal. 1995) (holding that the absence of "significant discovery" weighed in favor of staying the litigation).

Clearly this case is not in its infancy as it has been pending for sixteen (16) months; however, there is much work yet to do in the case, including completion of discovery and claim construction briefing and argument.  Once claim construction is complete, there would no doubt be a series of summary judgment motions, which will also require a tremendous amount of time and effort.  Thus, although the case has been pending for some time, it has not progressed past the initial stages such that a stay is not appropriate.  Rather, considering the general timeline of patent litigation, there is more work ahead for the parties and the Court than behind the parties and the Court.

Accordingly, the Court concludes that this factor weighs in favor of a stay.

2.    <u>Simplification of Issues</u>

"A stay is particularly justified where the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue." *In re Cygnus Telecomm. Tech., LLC, Patent Litig.,* 385 F. Supp.2d 1022, 1023 (N.D. Cal. 2005).  Staying this case while the PTO reexamines each and every claim of all the Patents-in-Suit would simplify the issues before this Court by ensuring that the crux of the prior art presented to the Court will have first been considered by the PTO.  Given the present posture of this case, therefore, the Court finds that the simplification of issues factor weighs in favor of granting a stay.

5

3.    Prejudice and/or Tactical Disadvantage

       In determining whether to grant a stay, courts also consider any resulting undue prejudice on the nonmoving party. *See In re Cygnus Telecomm*., 385 F. Supp.2d at 1023. The delay inherent to the reexamination process does not generally, by itself, constitute undue prejudice. *Telemac Corp., v. Teledigital, Inc*., 450 F. Supp.2d 1107, 1111 (N.D. Cal. 2006) ("[T]he likely length of reexamination is not, in itself, evidence of undue prejudice . . . .").

       It is not uncommon for courts to grant stays pending reexamination prior to the PTO deciding to reexamine the patent. *See, e.g., Ralph Gonnocci Revocable Living Trust v. Three M Tool & Mach., Inc.,* 02-74796, 2003 WL 22870902, at n. 6 (E.D. Mich. Oct. 7, 2003) ("The Court finds that a stay at least is warranted while the PTO makes its initial determination as to whether to proceed with a reexamination."); *ASCII Corp. v. STD Entm't USA, Inc*., 844 F. Supp. 1378, 1381 (N.D. Cal. 1994). Here, the parties will have a decision from the PTO by early June 2012. If the request for reexamination is not granted, the case will have been delayed only by approximately two months.

       Air Vent argues that it will suffer undue prejudice as a result of a stay because Owens Corning is a direct competitor and a "protracted delay" will allow Owens Corning to gain market share at the expense of Air Vent's permanent loss of market share. Courts are more likely to find undue prejudice when the parties are direct competitors. *See ADA Solutions*, 2011 WL 4764329 at *2. In response, Owens Corning points out that there are several other competing products in the market in which Air Vent competes, such as other competitors that sell plastic roof ridge ventilators, as well as other competitors that sell roll ventilators and off-ridge ventilators. The Court finds that the fact that there are other competitors in the market undermines Air Vent's assertion of undue prejudice because of loss of market value. Further, if

6

Air Vent's patents are ultimately found to be valid and infringed, Air Vent will be able to seek damages for the time that the reexaminations were pending and Owens Corning has represented that "[t]here is no legitimate question that Owens Corning could pay a damages judgment against it in this case."  Br. at 12.

Next, Air Vent argues that it will suffer undue prejudice because during the stay the "effective life of its patents dwindles to near expiration."   The '528 Patent and the '084 Patent have an effective filing date of November 23, 1999 and will expire on November 23, 2019.  The '574 Patent has an effective filing date of June 20, 2003 and will expire on June 20, 2023.   Based on the statistics provided by both parties, it is reasonable to conclude that the reexaminations will be resolved long before any of the patents-in-suit expire.

Finally, Air Vent argues that it will be  prejudiced because Owens Corning unduly delayed in seeking reexamination by waiting eight months after Air Vent filed its Amended Complaint to file its reexamination requests.  Owens Corning argues that Air Vent's claim of undue prejudice based upon a potentially lengthy stay is belied by the fact that Air Vent waited almost two years to file its complaint after learning of the accused Owens Corning product.  The Court is not persuaded that the delay in seeking reexamination is justified, but in light of all other arguments in favor of the stay, this one factor is not sufficient to overcome the liberal policy in favor of granting motions to stay proceedings pending the outcome of the PTO reexamination proceedings.

Accordingly, the Court finds that this factor also weighs in favor of a stay.

**Conclusion**

In conclusion, balancing all three factors, the Court finds that the issuance of a stay

pending the decision of the PTO to reexamine the Patents-In-Suit is appropriate.  Though this

stay may prejudice Air Vent, the Court finds that such prejudice is outweighed by the benefits

that may be gained by awaiting the decision of the PTO to reexamine the Patents-In-Suit.

An appropriate Order follows.


McVerry, J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AIR VENT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 02: 10-cv-01699 |
| | ) | |
| v. | ) | |
| | ) | |
| OWENS CORNING CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER OF COURT

**AND NOW**, this 8th day of May, 2012, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** as follows**:**

(1)    Plaintiff's Motion for Preliminary Injunction is held in abeyance pending the U.S. Patent and Trademark Office's decision on whether to grant the requests for *inter partes* re-examination.

(2)    Defendant' s Motion to Stay Pending *Inter Partes* Reexamination of the Patents In Suit is **GRANTED IN PART.**  The parties shall submit a joint status report which apprises the Court of the status of the reexamination proceedings immediately upon the grant or denial of the Requests for Reexamination.  If the Requests for Reexamination are granted, the Court will consider the issue of whether the stay should be continued until any such reexamination proceeding has been completed.

(3)      Defendant's Motion For A Protective Order Staying Discovery Pending the

Court's Ruling on Defendant's Motion to Stay is **DENIED AS MOOT**.


BY THE COURT:

s/Terrence F. McVerry
United States District Judge


cc:      David G. Oberdick , Special Master
         Meyer, Unkovic & Scott LLP
         Email: dgo@muslaw.com

         Dariush Keyhani , Esquire
         Lippes Mathias Wexler Friedman LLP
         Email: dkeyhani@meredithkeyhani.com

         Katherine E. Koop, Esquire
         Tucker Arensberg
         Email: KKoop@tuckerlaw.com

         Sidney R. Bresnick, Esquire
         Meredith & Keyhani, PLLC
         Email: sbresnick@meredithkeyhani.com

         Eric G. Soller, Esquire
         Pietragallo, Gordon, Alfano, Bosick & Raspanit, LLP
         Email: egs@pbandg.com

         Georgia E. Yanchar, Esquire
         Calfee, Halter & Griswold LLP
         Email: gyanchar@calfee.com

         Jennifer B. Wick, Esquire
         Calfee, Halter & Griswold, LLP
         Email: jwick@calfee.com

         Nenad Pejic, Esquire
         Calfee, Halter & Griswold
         Email: npejic@calfee.com