IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AIR VENT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 02: 10-cv-01699 |
| | ) | |
| v. | ) | |
| | ) | |
| OWENS CORNING CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the MOTION TO LIFT TEMPORARY STAY filed by Plaintiff, Air Vent, Inc. ("Air Vent") (ECF No. 142-2), the OPPOSITION TO MOTION TO LIFT STAY filed by Defendant, Owens Corning Corporation ("Owens Corning") (ECF No. 144), and the REPLY filed by Air Vent (ECF No. 145).

The parties have fully stated their respective positions and the motion is ripe for disposition. Based on the reasons that follow, the Motion to Lift Temporary Stay will be granted.

**Factual and Procedural Background**

On July 14, 2011, Air Vent filed an Amended Complaint for patent infringement against Owens Corning which sets forth two counts for direct infringement of U.S. Patent No. 6,299,528 ("the '528 Patent") and U.S. Patent No. 6,482,084 ("the '084 Patent"), and a third count for inducement to infringe U.S. Patent No. 6,793,574 ("the '574 Patent) (hereinafter referred to as the "Patents-in-Suit.").[1] The '528 and '084 patents are part of the same family, contain the same specification, and have claims directed to the same ridge vent product.

---
[1] The original Complaint was filed in this Court on December 17, 2010.

On March 29, 2012, sixteen (16) months after the original Complaint was filed, Owens Corning filed a request for *inter partes* reexamination of the '574 Patent with the United States Patent and Trademark Office ("PTO"). On or about March 30, 2012, Owens Corning filed two additional requests for *inter partes* reexamination of the '528 and '084 Patents with the PTO. The three requests sought *inter partes* reexamination of each and every claim of all the Patents-in-Suit.

Contemporaneously with the filing of the requests for *inter partes* reexamination, Owens Corning filed in this Court a Motion to Stay Pending *Inter Partes* Reexamination of the Patents in Suit. By Memorandum Opinion and Order of May 8, 2012, the Court granted the Motion to Stay in part. The Court specifically stated that if the Requests for Reexamination were granted, the Court would consider the issue of whether a stay should be continued until any such reexamination proceedings had been completed. *See* ECF No. 118. The Court ordered that the parties shall submit a joint status report which apprises the Court of the status of the reexamination proceedings immediately upon the grant or denial of the Requests for Reexamination.

On May 16, 2012, the parties filed a Joint Status Report which informed the Court that the request for reexamination of the '528 and '084 patents had been denied, but that the request for reexamination of the '574 patent had been granted. See ECF No. 119. On July 27, 2012, the parties filed a Joint Status Report which informed the Court that the Request for Reconsideration of the Denial of Reexamination of the '528 and '084 patents had been denied. ECF No. 121.

Thereafter, on June 8, 2012, Owens Corning filed petitions for Supervisory review of the Examiner's Refusal to Order Reexamination of claims 1-3 of the '528 Patent and claims 1-8 of the '084 Patent. These petitions were denied by the Director on July 25, 2012. On or about

August 16, 2012, Owens Corning filed its Second Request for *Inter Partes* Reexamination of claims 1-3 of the '528 Patent and claims 1-8 of the '084 Patent.

On August 29, 2012, the Court vacated the temporary stay of this litigation insofar as the PTO had denied Owen Cornings' request for reexamination of the '528 and '084 patents. Additionally, the Court granted leave for Air Vent to file a Second Amended Complaint in which it withdrew its claim of inducement to infringe the '574 patent.

On September 13, 2012, the PTO granted Owen Corning's second request for *inter partes* reexamination and issued an office action which rejected all of the claims of the '528 and '084 patents. On September 17, 2012, Owens Corning moved for a stay pending *inter partes* reexamination, which request was granted in part by the Court by Order of October 11, 2012. The Court specifically stated that "[t]his matter is stayed for a period of ninety (90) days, subject to reconsideration."

On November 12, 2012, Plaintiff filed a response to the PTO's initial report and on December 12, 2012, Owens Corning filed its third party requestor comments in opposition to Plaintiff's response. To date, it appears that the PTO has not responded to these submissions.

The ninety-day temporary stay was scheduled to expire on January 9, 2013. On January 10, 2013, Owens Corning filed its Status Report and requested that the Court continue the stay until the *inter partes* reexaminations of the '528 and '084 patents have been finally resolved. On January 11, 2013, Plaintiff filed its Status Report and requested that the Court vacate and lift the temporary stay.

**Discussion**

"The same court that imposes a stay of litigation has the inherent power and discretion to lift the stay." *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp.2d 64, 74 (D.D.C. 2002). "When circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate, the court may lift the stay." *Id*. When granting the stay, this Court considered the following factors: (i) the effect of the stay on discovery and the trial schedule; (ii) whether a stay would simplify the issues; and (iii) whether a stay would unduly prejudice or tactically disadvantage the nonmoving party. *Telemac Corp. v. Teledigital, Inc.*, 490 F. Supp.2d 1107, 1111 (N.D. Cal. 2006).

Air Vent argues that the temporary stay should be lifted as the reexaminations will take a considerable amount of time to complete , this litigation is already more than two years old, and "Defendant's actions are calculated to deprive Plaintiff of its day in court, while its patents continue to run towards their expiration dates."[2] Pl's Status Report, at ¶ 11.

This case has been stayed for over ten (10) months. While the Court was hopeful that the PTO would resolve the matter quickly, the end of that procedure is not in sight. *See* Memorandum Opinion of May 8, 2012 at 6 ("Here the parties will have a decision from the PTO by early June 2012. If the request for reexamination is not granted, the case will have been delayed only by approximately two months.") *See In re Cygnus Telecommc'ns. Tech. LLC Patent Litig.*, 385 F. Supp.2d 1022, 1023 (N.D. Cal. 2005) (finding that reexaminations generally take from six months to three years); *Xerox Corp. v. 3Com Corp.*, 69 F. Supp.2d 404, 406 n. 1 (W.D.N.Y. 1999) (suggesting average pendency of reexamination before PTO is 19.2 moths, excluding any appeals). Moreover, if any claim were ultimately rejected by the PTO, Owens

---

[2] The '528 and '084 Patents will expire in November 2019. *See* ECF No. 112.

Corning "could appeal the examiner's decision to the Board of Patent Appeals and Interferences, which decision could in turn be appealed to the Federal Circuit." *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l Inc.,* 2007 WL 1655625 at *5 (N.D. Ca. 2007) (citing 35 U.S.C. § 134(b); 35 U.S.C. § 141). In such a lengthy delay, evidence could be lost and witnesses' memories could fade. *Id.*

Furthermore, it has always concerned the Court that the parties are direct competitors of each other and that Air Vent contends that a projected delay will allow Owens Corning to gain market share at the expense of Air Vent's permanent loss of market share. Courts are more likely to find undue prejudice when the parties are direct competitors. *See ADA Solutions, Inc. v. Engineered Plastics, Inc.,* 826 F. Supp.2d 348, 351 (D. Mass. 2011).

Moreover, "[i]t bears mentioning that the inquiries of the PTO on reexamination and the issues before the district court in an infringement action are quite distinct." *Xerox,* 69 F. Supp.2d at 408. As the Federal Circuit has recognized,

> the thought that a PTO decision may unnecessarily complicate the litigation and could create an awkward situation if different conclusions are reached overlooks that challenging validity in a court and requesting PTO reexamination 'are concepts not in conflict.'

*Ethicon, Inc. v. Quigg,* 849 F.2d 1422, 1428 (Fed. Cir. 1988) (quoting *In re Etter,* 756 F.2d 852, 856 (Fed. Cir. 1985)).

The Court concludes that the benefits to be gained by waiting for the PTO's reexaminations, if indeed they are granted, (i.e., gaining the PTO's expertise and potentially narrowing the issues for trial) are outweighed by the prejudice to Air Vent that would be caused by such a lengthy delay - especially since Air Vent alleges that Owens Corning continues to willfully infringe the '528 and '084 patents. *See Baush & Lomb Inc. v. Rexall Sundown, Inc.,*

5

554 F. Supp.2d 386, 391 (W.D.N.Y. 2008) (granting stay and emphasizing that the defendant was "not currently selling the infringing product and is willing to condition the stay on its undertaking not to do so during the pendency of the reexamination proceedings").

**Conclusion**

For the reasons hereinabove set forth, the Court GRANTS Plaintiff's Motion to Lift Stay. An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AIR VENT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 02: 10-cv-01699 |
| | ) | |
| v. | ) | |
| | ) | |
| OWENS CORNING CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF COURT

**AND NOW**, this 15th day of March, 2013, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that Plaintiff's Motion to Lift Stay is **GRANTED.**

The parties shall each submit a revised Patent Scheduling Order on or before **March 27, 2013.**

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc:  David G. Oberdick , Special Master
Meyer, Unkovic & Scott LLP
Email: dgo@muslaw.com

Dariush Keyhani , Esquire
Lippes Mathias Wexler Friedman LLP
Email: dkeyhani@meredithkeyhani.com

Katherine E. Koop, Esquire
Tucker Arensberg
Email: KKoop@tuckerlaw.com

Sidney R. Bresnick, Esquire
Meredith & Keyhani, PLLC
Email: sbresnick@meredithkeyhani.com

Eric G. Soller, Esquire
Pietragallo, Gordon, Alfano, Bosick & Raspanit, LLP
Email: egs@pbandg.com

Alan G. Towner , Esquire
Pietragallo, Bosick & Gordon
Email: agt@pbandg.com

Georgia E. Yanchar, Esquire
Calfee, Halter & Griswold LLP
Email: gyanchar@calfee.com

Jennifer B. Wick, Esquire
Calfee, Halter & Griswold, LLP
Email: jwick@calfee.com

Nenad Pejic, Esquire
Calfee, Halter & Griswold
Email: npejic@calfee.com